FILED
97 JUN -4 PM 2: 19
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
JUN 4 1997

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES SKINNER, et al. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV-97-PT-655-E |
| | ) | |
| HARTMARX CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This cause comes on to be heard on the plaintiff's Motion to Remand filed on April 11, 1997.

### BACKGROUND

Charles Skinner is an insured participant of his employer Hartmarx Corporation's group life insurance, medical, and dental plan. Neither party disputes that ERISA regulates this plan. This action stems from the purported wrongful denial of benefit claims. The plaintiffs initially sued in Alabama state court for fraud. Hartmarx then removed the action to this court.

In August 1995, Charles Skinner was hospitalized with pneumonia and a staff infection. After almost two weeks of treatment, Skinner's physician said that he needed thirty days of hospitalization to receive intense antibiotic treatment. Skinner had already reached the $2,000 out-of-pocket payment for his medical treatment which left Hartmarx liable for any remaining hospital charges. Skinner's physician gave him the option of receiving the treatment at home. Hartmarx, however, was only liable for $2,000 if Skinner chose to receive home-therapy.

At Skinner's request, the hospital's human resources department contacted Hartmarx to discuss the savings that home-therapy would entail. Purportedly, Hartmarx agreed to cover all of Skinner's in-home expenses above the $2,000 policy limit based on the savings it would realize. In the end, however, Hartmarx only paid the $2,000 that the policy required.

## CONTENTIONS

Skinner objects to removal and requests the court to remand the case to Alabama state court. As grounds, Skinner claims that his action is based solely on fraud and is not a coverage dispute under the medical insurance policy regulated by ERISA. He argues that ERISA should not protect Hartmarx's fraudulent conduct any more than Hartmarx should be protected if its agent negligently injured someone in an automobile accident. Moreover, Skinner contends, Hartmarx waived its claim and defense of exclusive federal jurisdiction and removal because Hartmarx' plan states:

> If you have a claim for benefits which is denied or ignored in whole or in part, you may file a suit in a State or Federal Court.

Skinner claims that this language should estop Hartmarx from Challenging his forum choice.

Hartmarx, however, contends that Skinner's claim relates to its employee benefit claim and thus falls within ERISA's broad preemption reach. As to Skinner's estoppel argument, Hartmarx notes that the cited language appears in a provision entitled "Statement of ERISA Rights." It argues, therefore, that the claim falls within ERISA's grant of concurrent state and federal jurisdiction. Moreover, Hartmarx contends, the Department of Labor regulations require plans to include an identical disclosure. Hartmarx argues that such language does not prevent removal of ERISA cases to federal court and that it is reversible error for a district court to conclude otherwise; citing Clorox Co. v. United States District Court for the Northern District of California, 779 F.2d 517 (9th Cir. 1984).

## ANALYSIS

The first issue here is whether ERISA preempts the Skinners' fraud claims. The applicable rule states that ERISA preempts all state laws that "relate to any employee benefit plan." 29 U.S.C. § 1144(a)(1985). The Supreme Court has defined the key phrase "relate to" so that a state law claim relates to an employee benefit plan if it has a connection with or reference to an employee benefit plan. Shaw v. Delta Airlines, Inc., 463 U.S. 85, 96-97, 103 S. Ct. 2890, 2900, 77 L. Ed.2d 490, 501 (1983). The Court's broad interpretation has led it to conclude that ERISA preempts certain state tort and contract claims. Pilot Life Ins. Co. v. Dedeaux, 481 U.S.

41, 107 S. Ct. 1549, 95 L. Ed.2d 39 (1987).

The Eleventh Circuit's interpretation of ERISA preemption has been no less sweeping. In <u>Amos v. Blue Cross - Blue Shield of Alabama</u>, 868 F.2d 430, 431 (11th Cir. 1989), the court concluded that ERISA preempts "most state laws dealing with ERISA plans" including the plaintiff's bad faith refusal to pay, fraud, and breach of contract claims. In <u>Farlow v. Union Central Life Ins. Co.</u>, 874 F.2d 791, 794 (11th Cir. 1989), the court, acknowledging that ERISA can preempt state common law actions, described the resulting dilemma as deciding when a party's state law claim "relates to" an ERISA plan. The court explained:

> . . . a state law cause of action 'relates to' an employee benefit plan if the employer's conduct giving rise to such claim was not 'wholly remote in content' from the benefit plan. A claim does not, however, relate to a plan even though the employer's conduct occurred contemporaneously with an alleged ERISA violation, unless the facts relating to the employee's failure to receive benefits are relevant to the state law claim.

<u>Farlow v. Union Central Life Ins. Co.</u>, 874 F.2d 791, 794 (11th Cir. 1989) (citing <u>Clark v. Coats and Clark, Inc.</u>, 865 F.2d 1237, 1243-44 (11th Cir. 1989).

Skinner's fraud claim, though couched in state law terms, occurred "contemporaneous[ly] with" and was "intertwined with" Hartmarx's refusal to pay benefits under the employee benefit plan. See <u>Farlow</u>, 874 F.2d at 794. The conclusion that Skinner's cause of action relates to and has a connection to Hartmarx's employee benefit plan cannot, therefore, seriously be disputed. Otherwise, a plaintiff could always avoid removal by creatively drafting his complaint. The court accordingly concludes that ERISA preempts Skinner's fraud claim. Removal was, therefore, proper.

The second issue is whether Hartmarx is estopped to remove the case to federal court because of the purported waiver in its employee benefit plan. For the reasons articulated in <u>Clorox Co. v. United States District Court for the Northern District of California</u>, 779 F.2d 517, 520-21 (9th Cir. 1984), the court concludes that Hartmarx is not estopped to remove the case. The plaintiff's Motion to Remand is Denied.

3

This _____ day of June, 1997.

_____
Robert B. Propst
Senior United States District Judge

4